UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOHN S. PANELLA,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-116

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE AND AFFIRMED; AND (2) THIS CASE BE CLOSED ON THE COURT'S DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 6), the Commissioner's memorandum in opposition (doc. 7), Plaintiff's reply (doc. 8), the administrative record (doc. 4), and the record as a whole.[2]

**I.**

**A.**    **Procedural History**

Plaintiff filed an application for DIB asserting disability as of April 1, 2009 as a result of a number of impairments including, among others, diabetes mellitus with associated neuropathy and hearing loss. PageID 34.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of his application, Plaintiff received a hearing before ALJ Gregory Kenyon on December 8, 2014. PageID 97-131. The ALJ issued a written decision on January 26, 2015 finding Plaintiff not disabled. PageID 32-40. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work,[3] "there were jobs in that existed in significant numbers in the national economy that [Plaintiff] could have performed[.]" PageID 35-39.

Thereafter, the Appeals Council denied review on February 2, 2016, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 22-28. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 34-38), Plaintiff's Statement of Errors (doc. 6), the Commissioner's memorandum in opposition (doc. 7), and Plaintiff's reply (doc. 8). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this decision herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed

---

[3] "Medium work" involves the occasional lifting of 50 pounds at a time, and frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567. Medium work can require standing and walking as much as six hours during any given eight-hour workday. *Id*. It may also involve frequent stooping, grasping, holding, and turning objects. *Id*. "The functional capacity to perform medium work includes the functional capacity to perform sedentary, light, and medium work." 20 C.F.R. § Pt. 404, Sub Pt. P, App. 2, § 203.00(a).

the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the

3

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In his Statement of Errors, Plaintiff argues that the ALJ failed to properly: (1) weigh the opinions of medical sources, including the opinion of his treating family physician David Kirkwood, M.D.; and (2) explain his credibility finding. Doc. 6 at PageID 274-82. Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record, appropriately considered the medical evidence at issue, as well as Plaintiff's credibility, and thus accurately determined Plaintiff's RFC. As more fully explained herein, the undersigned finds that the ALJ's non-disability finding should be affirmed.

### A. Medical Source Opinions

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[4]

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

The record in this case contains two opinions from Dr. Kirkwood. In March 2012, Dr. Kirkwood opined that Plaintiff was "[t]otally and permanently disabled" and would be "prevented . . . from engaging in further work as an Iron Worker or as any other type of Building Trades Craftsman." PageID 243. In April 2014, Dr. Kirkwood offered a more specific assessment of Plaintiff's work-related limitations and concluded that he was limited to standing 60 minutes at one time; sitting for two hours at one time; working two hours per day; lifting 20 pounds occasionally and 10 pounds frequently; never manipulating with his right hand; and able to occasionally bend, stoop, and balance. PageID 265-66.

The record also contains opinions from record-reviewing physicians Gary Hinzman, M.D. and Gerald Klyop, M.D., as well as examining physician Damian Danopulos, M.D. PageID 70-72, 82-84, 233-36. In January 2013, Dr. Danopulous examined Plaintiff and, after

noting no abnormal clinical findings upon examination, concluded that Plaintiff's "ability to do any work-related activities is affected from his poorly controlled hypertension and well-controlled diabetes[,]" and that the ringing in Plaintiff's ears "is another problem." PageID 236. Significantly, Dr. Danopulous set forth no specific work-related limitations and offered no opinion as to whether Plaintiff was limited to medium, light, or sedentary work. *Id*.

In February 2013, Dr. Klyop found that Plaintiff was limited to lifting 20 pounds occasionally and 10 pounds frequently. PageID 70-72. Dr. Klyop, however, concluded that Plaintiff was able to sit, stand, and walk up to six hours per workday. *Id*.

In April 2013, Dr. Hinzman concluded that Plaintiff was capable of lifting 50 pounds occasionally and 25 pounds frequently, and could sit, stand and walk up to six hours per workday. PageID 82-84.

In weighing these medical source opinions, the ALJ gave the opinions of Dr. Hinzman and Dr. Danopulos "great weight," and gave the opinions of Drs. Kirkwood and Klyop "less weight." PageID 37-38. The undersigned finds no reversible error in the ALJ's assessment of these medical source opinions.

With regard to Dr. Kirkwood, the ALJ properly weighed his March 2012 pension disability opinion and provided a meaningful explanation for not relying on it to find Plaintiff disabled for purposes of disability under the Social Security Act. PageID 243. As noted above, in the pension disability assessment, Dr. Kirkwood concluded that Plaintiff is totally and permanently disabled and, thus, unable to engage "in further work as an Iron Worker or as any other type of Building Trades Craftsman." PageID 243. A medical source's opinion -- including the opinion of a treating medical source -- that a claimant is disabled is an issue "reserved to the Commissioner" and not entitled to "any special significance. 20 C.F.R. § 404.1527(d)(1).

While such an opinion must be considered, *see* SSR 96-5p, 1996 WL 374183, at *2-3 (1996), the ALJ did so consider it in this case. *See* PageID 38. In fact, the ALJ ultimately agreed with Dr. Kirkwood's March 2012 opinion, concluding that Plaintiff was not able to perform his past relevant work as a welder. *See* PageID 38. Thus, the ALJ followed the proper regulatory procedures in considering Dr. Kirkwood's March 2012 opinion, and his conclusion concerning such opinion is supported by substantial evidence.

In weighing Dr. Kirkwood's more specific April 2014 opinion, however, the undersigned does note the ALJ's failure to mention the concept of "controlling weight." PageID 38. Any error in this regard can be harmless if the ALJ "has otherwise met the regulation's goal." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 380 (6th Cir. 2013). The undersigned finds that the ALJ otherwise met the regulation's goal in rejecting Dr. Kirkwood's April 2014 opinion by noting that it was not supported by: (1) any imaging findings concerning Plaintiff's peripheral neuropathy; and (2) normal clinical findings noted by Dr. Danopulous -- including normal sensory perception in Plaintiff's extremities -- upon examination. PageID 38. While the undersigned may have reached a different conclusion if considering the record upon a *de novo* review, the Court must give deference to the ALJ's decision where, as here, it is supported by substantial evidence. *Blakley*, 581 F.3d at 406.

In giving "great weight" to the opinion of Dr. Hinzman and "less weight" to the opinion of Dr. Kylop, the ALJ found Dr. Hinzman's opinion "much more consistent with the findings of Dr. Danopulos and the treatment records from [Dr. Kirkwood], than the initial assessment by [Dr.] Klyop[.]" PageID 37. While Dr. Danopulos provided no definitive opinion regarding the nature and specific severity of Plaintiff's impairments, he did note normal clinical finding upon examination. *See* PageID 36-38. The Court finds no error in the ALJ's analysis concerning

8

these opinions because substantial evidence supports the ALJ's conclusion, *i.e.*, the normal clinical findings noted by Dr. Danopulous upon examination lends more support to Dr. Hinzman's less restrictive opinion. *See* 20 C.F.R. §§ 404.1527(c)(3) and (4).

Based upon the foregoing, the undersigned finds the ALJ's assessment of medical source opinions supported by substantial evidence. As a result, the ALJ's findings in this regard should be affirmed.

B. **Credibility**

Plaintiff next challenges the ALJ's credibility finding, arguing that the ALJ's explanation of his credibility finding was "insufficiently specific to identify the evidentiary basis for" his conclusion. Doc. 6 at PageID 282. The ALJ, and not this Court, "evaluate[s] the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). A reviewing Court must "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

Nevertheless, in setting forth a credibility finding, the ALJ's determination "cannot be based on an intangible or intuitive notion about an individual's credibility[,]" and instead, "[t]he reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." *See* SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996). In fact, the ALJ must set forth "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.*

Pursuant to SSR 96-7p, upon determining that "an underlying physical or mental impairment" exists "that could reasonably be expected to produce the individual's pain or other symptoms[,]" the ALJ must "evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." *See* SSR 96-7p, 1996 WL 374186, at *7. Where a claimant's subjective complaints concerning "the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence," the ALJ must then determine the claimant's credibility "based on a consideration of the entire case record." *See id*.; 20 C.F.R. § 404.1529(c)(3).

In considering the entire case record, 20 C.F.R. § 404.1529(c)(3) and SSR 96-7p also require consideration of the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of symptoms; (3) factors that precipitate and aggravate symptoms; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; (5) treatment undertaken by the claimant; (6) measures undertaken by the claimant to relieve symptoms, such as lying on one's back; and (7) any other factors bearing on the limitations of the claimant to perform basic functions. 20 C.F.R. § 404.1529(c)(3); *see Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 247 (6th Cir. 2007).

Contrary to Plaintiff's conclusion, the ALJ's credibility analysis extends beyond boilerplate language and sets forth a specific explanation as to why he found Plaintiff "not entirely credible." PageID 36. In this regard, the ALJ noted that Plaintiff's allegations regarding his ability to lift and maintain a grasp on items in his hands was "not fully credible" in light of Dr. Danopulous's "minimal [clinical] findings" upon examination, as well as the lack of imaging or other clinical findings noting neuropathy in his hands. *Id*. Such conclusions are supported by

substantial evidence and, as a result, the undersigned finds Plaintiff's contention regarding the ALJ's credibility assessment to be without merit.

## IV.

For the foregoing reasons, the Court finds Plaintiff's assignments of error unmeritorious.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and (2) this case be **CLOSED**.

Date:   August 1, 2017                             s/ Michael J. Newman
                                                                                                     Michael J. Newman
                                                                                                     United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).