IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN S. PANELLA,

    Plaintiff,

v.

NANCY A. BERRYHILL,

Acting Commissioner of the Social
Security Administration,

    Defendant.

:
:
:
:
:
:

Case No. 3:16-cv-116

JUDGE WALTER H. RICE

MAGISTRATE JUDGE
MICHAEL J. NEWMAN

---

DECISION AND ENTRY ADOPTING IN THEIR ENTIRETY REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #9), AND OVERRULING OBJECTIONS OF PLAINTIFF JOHN S. PANELLA (DOC. #10) TO SAID JUDICIAL FILING; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, AND AGAINST PLAINTIFF, AFFIRMING THE DEFENDANT COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff John S. Panella ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On June 20, 2017, Magistrate Judge Michael J. Newman filed a Report and Recommendations, Doc. #9, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be affirmed. Based upon reasoning and citations of authority set forth below, as well as upon a

thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #4, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations, Doc. #9, and OVERRULES Plaintiff's Objections, Doc. #10, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of the Commissioner and against Plaintiff, affirming the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, as supported by substantial evidence.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938)). "Substantial evidence means more than a mere scintilla, but only so much

2

as would be required to prevent a directed verdict."[1]  *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988).  To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."  *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole."  *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)).  However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility."  *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).  "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion."  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result."  *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

---

[1] Now known as a "Judgment as a Matter of Law."  Fed. R. Civ. P. 50.

1. Contrary to Plaintiff's argument, Doc. #10, PAGEID #328, the Administrative Law Judge's ("ALJ") application of the treating physician rule with respect to the opinions of David Kirkwood, M.D., was proper. The ALJ concluded that Plaintiff's peripheral neuropathy, which Dr. Kirkwood claimed would prevent Plaintiff from working up to eight hours per day, was not supported by diagnostic findings; Dr. Kirkwood's diagnosis of paresthesia in Plaintiff's hands was similarly unsupported. Doc. #4, PAGEID #38. Further, the ALJ noted that "Dr. Kirkwood's assessment is also inconsistent with the findings by Dr. [Dmitri] Danopulos [the Commissioner's examining physician], especially with respect to his findings of normal sensory perception in the [Plaintiff's] extremities." *Id*. Lack of objective support and inconsistency with other medical opinions of record are valid reasons for the ALJ to decline to give controlling weight to a treating source opinion, 20 C.F.R. § 404.1527(c)(2), and any failure by the ALJ to use the phrase "controlling weight"—or even to mention the two-step treating physician rule analysis at all—is not reversible error. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) (citing *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535-36 (6th Cir. 2001)).

A treating source opinion's inconsistency with the record as a whole is an acceptable reason for the ALJ to discount that opinion, 20 C.F.R. § 404.1527(c)(4), as is a lack of medical and laboratory support for the opinion. 20 C.F.R. § 404.1527(c)(3). Thus, the same reasoning that justifies the ALJ declining to give controlling weight to Dr. Kirkwood's opinion also justifies the ALJ deciding only to assign "little weight" to that opinion. Plaintiff argues that Dr. Danopulos's conclusion that Plaintiff's "ability to do any work-related activities is affected" by his severe impairments supports, rather than

4

undermines, Dr. Kirkwood's opinion. Doc. #10, PAGEID #331 (quoting Doc. #4, PAGEID #236). However, Dr. Danopulos never opined that Plaintiff's impairments would prevented Plaintiff from working at all; rather, he noted that Plaintiff's diabetes was well-controlled, Doc. #4, PAGEID #235-36, and that "[t]here was no evidence of nerve root compression or peripheral neuropathy." Id., PAGEID #235. Thus, the ALJ's reasoning in deciding to assign little weight to Dr. Kirkwood's opinion (and great weight to Dr. Danopulos's opinion) complied with the Commissioner's regulations and was supported by substantial evidence of record, and the Court may not disturb that decision.

2.  Plaintiff objects to the ALJ's decision to assign great weight to the opinion of Gary Hinzman, M.D., the Commissioner's physician who, upon reconsideration, reviewed the medical evidence of record, while assigning little weight to the opinion of the Commissioner's initial record-reviewing physician, Gerald Klyop, M.D. Doc. #10, PAGEID #333. In support, Plaintiff argues that "Dr. Hinzman modified Dr. Klyop's prior assessment with no apparent evidentiary basis or explanation[.]" Id. (citing Doc. #4, PAGEID #70-72, 82-84). Yet, Plaintiff cites to no rule or regulation requiring a record-reviewing physician to explain, on reconsideration, why his opinion as to Plaintiff's residual functional capacity differed from that of the initial record-reviewing 2physician; indeed, Dr. Hinzman's decision to depart from the opinion of Dr. Klyop indicates that the Commissioner's reconsideration process is not merely a rubber stamp of the initial disability determination.

5

Further, Plaintiff notes that Dr. Hinzman's review of medical evidence took place in 2013; thus, he did not have the opportunity to review "all of Dr. Kirkwood's treatment notes and the treating physician's April 2014 functional appraisal." Doc. #10, PAGEID #333 (citing Doc. #4, PAGEID #82-84, 244-63, 265-66). Yet, Dr. Hinzman did review Dr. Kirkwood's 2012 pension disability assessment, which, like the April 2014 appraisal, did not "contain sufficient objective findings to evaluate the severity of any neuropathy." Doc. #4, PAGEID #38. Moreover, the ALJ concluded that Dr. Hinzman's opinion was consistent with that of Dr. Danopulos, who noted that "any element of neuropathy is minor." *Id.*, PAGEID #37. As Dr. Hinzman's opinion was consistent with Dr. Danopulos's well-supported medical opinion, and inconsistent with Dr. Kirkwood's poorly-supported opinion, the ALJ's decision to assign great weight to Dr. Hinzman's opinion was proper and will be affirmed.

3. Plaintiff objects to the Magistrate Judge's affirmation of the ALJ's credibility finding, due in part to "the lack of imaging or other clinical findings nothing neuropathy in his hands." Doc. #10, PAGEID #334 (quoting Doc. #9, PAGEID #324). Plaintiff notes that the Commissioner's rules prohibit a claimant's subjective statements of pain and the disabling effect of his impairments from being discounted solely because the statements are not substantiated by objective medical evidence. *Id.* (citing Soc. Sec. R. 96-7p, 1996 WL 371486 (Jul. 2, 1996), *superseded by* Soc. Sec. R. 16-3p, 2016 WL 1119029 (Mar. 16, 2016)). He argues that the ALJ failed to account for other required "factors such as his daily activities, measures taken to relieve his symptoms, his medications and other treatment," and, thus, the ALJ's credibility determination

6

should be reversed as unsupported by substantial evidence. *Id.* (citing Soc. Sec. R. 96-7p, 1996 WL 374186, at *7). Yet, a review of the ALJ's opinion shows that all of the above required factors were discussed and considered by the ALJ, and that the ALJ built a logical bridge between those factors and his conclusion that Plaintiff's subjective statements about his impairments were not fully credible. Doc. #4, PAGEID #34-38. As the ALJ's explanation for why he did not find Plaintiff credible is "reasonable and supported by substantial evidence in the record[,]" *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003), the Court may not disturb that credibility finding.

WHEREFORE, based upon the aforesaid, this Court adopts in their entirety the Report and Recommendations of the United States Magistrate Judge, Doc. #9, and overrules the Plaintiff's Objections to said judicial filing. Doc. #10. Judgment shall enter in favor of the Defendant Commissioner and against Plaintiff, affirming the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act as supported by substantial evidence.[2]

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

[2] During the pendency of his disability application, Plaintiff reached the age of fifty-five and, consequently, was reclassified by the Commissioner as an adult closely approaching advanced age. Plaintiff argues that the Court should direct a finding of disability "as of Plaintiff's fifty-fifth birthday and remand[] the claim to the Commissioner for consideration of his disability status prior to his age category shift." Doc. #10, PAGEID #335 n.5. Yet, the ALJ noted Plaintiff's change in classification in his decision, Doc. #4, PAGEID #38 (citing 20 C.F.R. § 404.1563), and the Commissioner's Vocational Expert ("VE") provided testimony that there were a significant number of jobs available for someone with Plaintiff's residual functional capacity. *Id.*, PAGEID #61. The VE so testified on December 8, 2014, after Plaintiff's fifty-fifth birthday. *Id.*, PAGEID #38, 64. Thus, the ALJ's finding of non-disability was supported by substantial evidence as to the entire pendency of Plaintiff's application.

Date: September 5, 2017

*[signature]*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE